# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-00322-KDB-SCR

| | |
|---|---|
| TYRICKA LASHANDA SIMPSON,<br><br>      **Plaintiff,**<br><br>      v.<br><br>ADAM MCCOY'S HAULING AND GRADING, INC., ADAM MCCOY, AND AMANDA MCCOY,<br><br>      **Defendants.** | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Defendants Adam McCoy's Hauling and Grading, Inc. ("AMHGI"), Adam McCoy, and Amanda McCoy's (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim (Doc. No. 7), the Memorandum and Recommendation of the Honorable Magistrate Judge Susan C. Rodriquez ("M&R") entered October 16, 2023 (Doc. No. 29), Plaintiff Tyricka LaShanda Simpson's *pro se* Objection and Defendants' Reply (Doc. Nos. 30, 31). The Court has carefully considered this motion, the M&R, and the parties' filings in support of their respective positions under the more lenient standards applicable to *pro se* litigants. For the reasons discussed below, the Court will **AFFIRM** the M&R and **GRANT in part** and **DENY in part** Defendants' motion to dismiss.

## I.    LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo*

1

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (italics supplied). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a

cause of action's elements." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). The Court, for the purposes of a Rule 12(b)(6) motion, takes all factual allegations as true. *See Ashcroft*, 556 U.S. at 678. However, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

In employment discrimination cases, plaintiffs need not plead a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Instead, the plaintiff is "required to allege facts to satisfy the elements of a cause of action created by that statute." *McCleary-Evans v. Maryland Dep't. of Transp., State Highway Admin.* 780 F.3d 582, 585 (4th Cir. 2015).

## II. FACTS AND PROCEDURAL HISTORY

Ms. Simpson was hired by AMHGI in August 2021 as an over-the-road truck driver. Doc. No. 1-1 ("Compl.") ¶ A. In November 2021, Plaintiff resigned to take a higher paying position at another company. *Id.* When she wished to return to AMHGI that December, she was rehired. *Id.* In February 2022, she arrived at a warehouse Houston, Texas. *Id.* at ¶ B. While driving to the front of the warehouse to find her assigned trailer, she saw a co-worker walking in

3

front of his tractor wearing only his underwear and penny loafers. *Id.* at ¶ B(ii). Ms. Simpson used Facetime to call another co-worker and showed him the "very odd and uncomfortable sight." *Id.* This second co-worker stated that the first co-worker's behavior was not an accident and told Ms. Simpson that he would report the incident on her behalf and that she should follow up once she returned from her already planned vacation. *Id.*

At some point shortly after Ms. Simpson called the second co-worker, the mostly undressed co-worker, still shirtless, apologized to Plaintiff for walking in front of her in his underwear. *Id.* at ¶ B(iii). Ms. Simpson finished her work and then left to find a place to rest because she felt unsafe and uncomfortable staying at the warehouse after this incident, which she normally would have done. *Id.* The second co-worker later called AMHGI's owner, Defendant Adam McCoy, to report what he had seen. *Id.* at ¶ B(ii).

Upon returning from her vacation during the week of February 21, 2022, Ms. Simpson followed up on the incident and was told by the safety manager, Jonathan Jenkins, that her co-worker had not meant to walk around half-naked in front of her. *Id.* at ¶ B(iv). Ms. Simpson alleges that she never received any documentation of her complaint or evidence of disciplinary action regarding the event. *Id.*

Approximately two weeks after she returned to work and followed up on the encounter, Ms. Simpson alleges that "the rules began to change." *Id.* at ¶ C. On March 9, 2022, Ms. Simpson received a warning from Mr. Jenkins that she could not place her driving log in a "Yard Move" status because "the D[epartment] O[f] T[ransportation] would shut her down" and AMHGI might receive citations. *Id.* at ¶¶ C, C(i). On March 16, 2022, while back in Houston, Mr. Jenkins called Ms. Simpson and told her "that she could no longer use Personal Conveyance

4

while under a load." *Id.*at ¶ D. Ms. Simpson was confused because she was not advancing a load at the time, but instead was waiting on a load. *Id.*

Two days later, on March 18, 2022, Ms. Simpson was met on the warehouse lot where she parks her truck in Charlotte, North Carolina by Mr. Jenkins and "Tommy," Mr. McCoy's brother-in-law. *Id.*at ¶ E. Mr. Jenkins informed Ms. Simpson that she was being terminated for two missing diesel caps (which she had reported missing and offered to pay for personally) and for using Personally Conveyance time while in Houston. *Id.*at ¶ E(i). She was directed to get her things off the truck immediately and that anything forgotten would be considered abandoned. *Id.*at ¶ E(ii).

Ms. Simpson asked Mr. Jenkins whether her termination was related to her sexual harassment complaint. *Id.*at ¶ E(iii). He told her that her termination had no relation to the complaint but then reiterated that her co-worker did not mean to walk in front of her half-naked. *Id.* Ms. Simpson asked for the federal logs that would show her supposed violations, but Mr. Jenkins said "he didn't have it and would see what he could come up with." *Id.*at ¶ E(iv). Ms. Simpson filed a claim with the North Carolina Department of Commerce and the Equal Employment Opportunity Commission ("EEOC"). *Id.*at ¶¶ F, G. The EEOC issued a right to sue letter to Ms. Simpson in February 2023. *Id.*at ¶ G.

Plaintiff timely filed this case in the Superior Court of Mecklenburg County in April 2023. *See* Doc. 1-1, at 1. She alleged that the Defendants engaged in (1) sexual harassment in violation of Title VII of the Civil Rights Act of 1984 ("Title VII") (42 U.S.C. § 2000e, *et seq.*), (2) retaliatory discharge in violation of Title VII, and (3) retaliatory employment discrimination in violation of North Carolina law (N.C. Gen. Stat § 95-240, *et. seq.*). Doc. No. 1, at 1; Compl.¶

K. AMHGI removed the case to the Western District of North Carolina in May 2023. Doc. No. 1. Shortly thereafter, Defendants filed the present motion to dismiss. Doc. No. 7.

### III. DISCUSSION

In the M&R, the Magistrate Judge recommends this Court grant the motion to dismiss for all claims except the claim for retaliation under Title VII. Doc. No. 29. Defendants filed no objection to the M&R. Ms. Simpson objected only to the M&R's recommendation to dismiss her claims under North Carolina law. There were no objections to the Magistrate Judge's recommendation to grant Defendants' motion to dismiss as to the Title VII sexual harassment claim and the claims of individual liability against Defendants Adam and Amanda McCoy, or to the recommendation to deny Defendants' motion as to the Title VII retaliation claim. Therefore, the Court will adopt the Magistrate Judge's findings for those claims as its own. Accordingly, it will dismiss the Title VII sexual harassment claim and the claim of individual liability on the part of Adam and Amanda McCoy without prejudice[1] and deny the motion to dismiss as to the Title VII retaliation claim. As discussed below, the Court will also overrule Ms. Simpson's objection to the M&R and dismiss her state law claims without prejudice.

#### A. Ms. Simpson's Claims under North Carolina law

In her recommendation to dismiss Ms. Simpson's state law claims, the Magistrate Judge reasoned that Plaintiff did not allege that her complaint to the Defendants about the incident in Houston is one of the enumerated actions protected under the North Carolina's Retaliatory Employment Discrimination Act ("REDA") or that she followed the statutory procedures to

---

[1] The Court agrees with the reasoning in the M&R that Plaintiff's Complaint insufficiently alleges sexual harassment in violation of Title VII based on the isolated incident in Houston. The Court further agrees that the other incidents of sexual harassment referenced in Ms. Simpson's response to the motion to dismiss can only be considered if alleged in a complaint.

bring such a claim. Doc. No. 29, at 14-15. Ms. Simpson responds that she did name REDA in her complaint but acknowledges that it is not the proper statute for a claim of wrongful discharge in violation of North Carolina public policy and instead asks the Court for leave to amend her complaint or for the Court to accept a modification of her complaint to allege wrongful discharge in violation of public policy. Doc. No. 30, at 1-3.

In her complaint, Ms. Simpson alleges that the Defendants' conduct "is motivated by unlawful, dishonest, deceitful, malicious, and cowardly actions that violate employee public policy. (REDA)." Compl. ¶ K. However, even reviewing the complaint under the liberal pleading standards applicable to *pro se* litigants, the Court finds that Ms. Simpson did not allege that her conduct is protected by REDA or that she followed the procedures necessary to bring such a claim. Further, even if she had done so, the conduct alleged in the Complaint does not fall under any of the enumerated REDA categories and therefore would fail to state a claim. *See* N.C. Gen. Stat. § 95-241(a).

However, in light of Ms. Simpson's request to amend her pleadings and the more liberal pleading standard applied to *pro se* litigants, the Court will dismiss this claim without prejudice.[2]

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R (Doc. No. 29) is **ADOPTED**;

---

[2] To be clear, by this ruling the Court expresses no view as to the ultimate merits of Ms. Simpson's claims should she choose to amend her complaint. Defendants will have a full opportunity to answer and conduct discovery, if necessary. Further proceedings and trial will reveal the extent to which Plaintiff can prove her allegations of Defendants' wrongful conduct.

7

2. Defendants' Motion (Doc. No. 7) is **GRANTED** for the Title VII sexual harassment claim, individual liability for Adam and Amanda McCoy, and all state law claims. These claims are dismissed without prejudice;

3. Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 7) is **DENIED** as to the Title VII retaliation claim; and

4. This case shall **proceed toward trial on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: December 6, 2023

Kenneth D. Bell
United States District Judge