IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00322-KDB-SCR

| | |
|---|---|
| TYRICKA LASHANDA SIMPSON, <br><br> **Plaintiff,** <br><br> v. <br><br> ADAM MCCOY, ADAM MCCOY'S HAULING AND GRADING, INC., AND AMANDA MCCOY, <br><br> **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Tyricka L. Simpson's *Pro Se* Motion for Summary Judgment (Doc. No. 49) and Defendants Adam McCoy, Amanda McCoy, and Adam McCoy's Hauling and Grading, Inc.'s Motion Pursuant to Rule 56(d) or in the Alternative for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Doc. No. 51). The Court has carefully considered this motion and the parties' briefs under the more lenient standards applicable to *pro se* litigants. For the reasons discussed below, the Court will **GRANT** Defendant's Motion Pursuant to Rule 56(d) and **DENY** Plaintiff's Motion for Summary Judgment without prejudice as premature.

I.      LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*,

1

946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id*. (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)). In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only

on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. DISCUSSION

This case arises out of Plaintiff's employment at Adam McCoy's Hauling and Grading, Inc., where she was employed as an over-the-road truck driver.[1] She alleges that she was subject to sexual harassment and ultimately fired under false pretenses in retaliation for complaining about the harassment she experienced. She filed this case in the Superior Court of Mecklenburg County in April 2023, alleging (1) sexual harassment in violation of Title VII of the Civil Rights Act of 1984 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, (2) retaliatory discharge in violation of Title VII, and (3) retaliatory employment discrimination in violation of North Carolina law (N.C. Gen. Stat § 95-240, *et. seq.*). Doc. No. 1, at 1; Compl.¶ K. Defendants removed the case to this Court in May 2023.

After Defendants filed their motion to dismiss, (Doc. No. 7), the Magistrate Judge issued a Memorandum & Recommendation ("M&R") recommending that the Court grant the motion to dismiss for all claims except the claim for retaliation under Title VII. *See* Doc. No. 29. The Court agreed and affirmed the M&R. *See* Doc. No. 32. Thus, the only claim remaining is Plaintiff's claim that Defendants unlawfully retaliated against Plaintiff for complaining about the sexual harassment

---

[1] Because the facts of this case were reviewed in the Court's prior Order (Doc. No. 32) and are not necessary to the outcome of these motions, the Court will provide only a short summary here.

3

she allegedly experienced. Plaintiff filed her Motion for Summary Judgment in May 2024 asking the Court to resolve that issue as a matter of law. Defendants' response is that the motion is premature.

The Court agrees with Defendants and finds that Plaintiff's motion, whatever its ultimate merits may be, is premature. "In general, summary judgment should only be granted 'after adequate time for discovery.'" *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). To decide otherwise "forces the non-moving party into a fencing match without a sword or mask." *Id.* Accordingly, Federal Rule of Civil Procedure 56(d) authorizes the court to defer or deny a motion for summary judgment, to allow time to gather evidence, or issue any other appropriate order, if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Once this showing is met, requests should be "broadly favored" and "liberally granted" to protect nonmovants from premature motions for summary judgment. *McCray*, 741 F.3d at 484 (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.,* 721 F.3d 264, 281 (4th Cir. 2013)).

Here, the parties have yet to conclude discovery. In fact, neither side has taken depositions and there is a pending motion to quash a subpoena in this case. *See* Doc. Nos. 50; 52 at 3-4. Further, no expert disclosures have been made and Defendants have represented that they intend to present at least one expert witness. *See* Doc. No. 52 at 4. Moreover, Plaintiff's own motion highlights several discovery disputes over interrogatories, copies of federal records and Defendants' duty to produce documents or reply to communications. *See* Doc. No. 49 at 5. These issues are not properly considered in a motion for summary judgment and fully support Defendants' argument that this motion is premature in light of on-going discovery.

The Court therefore finds that Defendants' proffered reasons to defer consideration of summary judgment are sufficient and that Plaintiff's Motion for Summary Judgment is premature. The Court will accordingly grant Defendant's Motion Pursuant to Rule 56(d) and deny Plaintiff's Motion for Summary Judgment without prejudice.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion Pursuant to Rule 56(d) (Doc. No. 51) is **GRANTED;**

2. Plaintiff's *Pro Se* Motion for Summary Judgment (Doc. No. 49) is **DENIED without prejudice** as premature**;**

3. The parties are directed to file a status report no later than August 1, 2024, describing the current status of its discovery efforts with Plaintiff and proposing a briefing schedule on dispositive motions; and

4. This case shall **proceed toward trial on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 10, 2024

Kenneth D. Bell
United States District Judge