IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00322-KDB-SCR

| | |
|---|---|
| TYRICKA LASHANDA SIMPSON, <br><br> Plaintiff, <br><br> v. <br><br> ADAM MCCOY, ADAM MCCOY'S HAULING AND GRADING, INC., AND AMANDA MCCOY, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Tyricka L. Simpson's *Pro Se* Motion to Compel (Doc. No. 57). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **in part GRANT** and **in part DENY** the motion.

## I.     LEGAL STANDARD

The rules of discovery are to, within bounds, be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

1

Fed. R. Civ. P. 26(b)(1). Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *See Earthkind, LLC v. Lebermuth Co. Inc.*, No. 519CV00051KDBDCK, 2021 WL 183413, at *2 (W.D.N.C. Jan. 19, 2021); *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))). Fed. R. Civ. P. 37(a)(1). The decision to grant or to deny a motion to compel production rests within the broad discretion of the trial court. S*ee Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion." (citation omitted)); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

## II.   DISCUSSION[1]

Plaintiff's motion and her later filed status report cover three overarching discovery disputes: (1) her second set of interrogatories, (2) her document production requests, and (3) her expert witness. *See* Doc. Nos. 60 at 7, 61.

---

[1] The Court incorporates its previous recitation of the facts of this case from its prior Order (Doc. No. 32).

2

### A. **Interrogatories**

Plaintiff served Defendant Adam McCoy's Hauling and Grading, Inc.'s ("AMHGI")[2] with two sets of interrogatories, one on August 4, 2023, and the other on February 6, 2024. *See* Doc. No. 59 at 2. Each set had 18 questions. *See* Doc. No. 59-1. AMHGI responded to the first set of interrogatories, but only provided substantive responses to questions 1-7 for the second set. *Id.* It objected to questions 8-18 both on the merits—generally with a statement that the questions were overly broad,[3] unduly burdensome, or sought information Plaintiff already had and/or could obtain her herself—and on procedural grounds because Plaintiff exceeded the number of allowed interrogatories. *Id.* Plaintiff now seeks to compel AMHGI to respond to interrogatories 7, 8, 12, 13, 15, and 16 from her second set of interrogatories. *See* Doc. No. 57 at 6-9.

Question 7 asks the Defendant to "[s]tate in full detail and provide documentation of Plaintiffs' Federal ELD FMCSA violations that resulted in the adverse termination." Doc. No. 59-1 at 17. Defendant replied that Plaintiff was (allegedly) terminated for frequent misuse of driving designations while driving for AMGHI and falsifying driver logs in violation of company policy and federal law. *Id.* It also noted that Plaintiff already had this information or could obtain it herself in a reasonable manner. Plaintiff served third party Samsara, Inc. ("Samsara") with a subpoena to obtain these records. *Id.* at 59-4 at 2. Plaintiff, in a letter written to Defendants, later said that

---

[2] Because claims against the individual Defendants have been dismissed, AMGHI is the only Defendant left in this case. *See* Doc. No. 32.

[3] Defendant's repeated assertion that phrases used by Plaintiff in her interrogatories, such as "state the day," "observe," "personal conveyance," "employees," "warning," "federal logs," "yard move," and "permission," to give a few examples, are undefined, vague, and ambiguous is frivolous, particularly when Defendant used many, if not all, of these terms in Plaintiff's termination memorandum, its response to the EEOC, and throughout the litigation, including in their own responses to Plaintiff's interrogatories. *See* Doc. Nos. 57-1 at 47, 59-1, 60-1. Just as Plaintiff is admonished to follow the discovery rules set forth in the Case Management Order, Defendant is similarly admonished to respond to all discovery requests reasonably and in good faith.

Samsara required Defendant's consent. *Id.* Defendant asked Plaintiff to see her correspondence with Samara before giving consent "to clarify what it is we are being asked to agree to before we agree to anything." Doc. No. 59-5 at 3. It is not clear whether Plaintiff did so, but Defendant has represented the records have since been produced. *See* Doc. No. 59 at 3 (noting her federal driving records "have been produced in full after Plaintiff stated that the document provider did not produce them in response to a subpoena she had issued."). Thus, this dispute appears to be moot. If it is not, Plaintiff is directed to provide Defendant with a copy of her correspondence with Samsara within 14 days of this Order so that Defendant may review it and promptly provide reasonable consent.

As for the other questions, the Court first acknowledges that Plaintiff exceeded the maximum number of allowed interrogatories. The Case Management Order specifically limited each side to 20 interrogatories, including subparts. Doc. No. 37 at 5. Moreover, even if Federal Rule of Civil Procedure 33(a)'s higher limit applied, Plaintiff would still only be entitled to 25 written interrogatories, including subparts. Defendant answered 25 interrogatories and did not count the subparts as separate questions. *See* Doc. No. 59-1. Defendant, however, also agreed to provide a supplemental response to question 8 and said that it was open to discussing supplemental responses to other interrogatories that Plaintiff believes to be critical. *See* Doc. No. 59-5. Plaintiff's response appears to be this motion. Given Defendant's offer, and Plaintiff's *pro se* status, the Court will review each of these requests now to move this matter forward most efficiently.

Question 8 asks Defendant to explain why documentation for her alleged adverse termination has not been provided. *See* Doc. No. 59-1 at 17. AMHGI has said Plaintiff received a copy of her termination memorandum at the time her employment ended, *see* Doc. No. 59-5 at 2,

4

and it appears to already be in the record/Plaintiff's possession, *see* Doc. No. 60-1 at 12. The Court will accordingly deny this part of the motion as moot.

Question 12 asks Defendant to "fully and completely" state its performance evaluation policy. *See* Doc. No. 59-1 at 18. AMHGI argues this is overly broad. *Id.* at 19. The Court disagrees. Any such policy is reasonably related to the issues in this case and AMHGI is directed to fully and specifically describe or produce documentation reflecting or describing their employee performance evaluation policy that existed at the time Plaintiff was terminated within 14 days.

Question 13 asks Defendant to state the day Plaintiff was observed driving 123 miles in personal conveyance. *Id.* That question has already been addressed in discovery and thus the Court will not compel AMHGI to further answer this interrogatory. *See* Doc. No. 60-1 at 12, *see also* Doc. No. 57-1 at 51.

Question 15 asks Defendant to provide the disciplinary memorandum discussed in AMHGI's response to the Equal Employment Opportunity's ("EEOC") inquiry into Plaintiff's complaint. *See* Doc. No. 59-1 at 20. This is a document production request, rather than a proper interrogatory, but it was nonetheless already disclosed to Plaintiff and bears the Bates Number AMHGI000007-8. *See* Doc. No. 59-5. To address Plaintiff's concern that the document was mailed to the wrong address, AMHGI is directly to promptly send it via email to Plaintiff.

Question 16 asks Defendant to identify what trucking company the individual Defendants worked for before starting AMHGI. *See* Doc. No. 59-1 at 20. Plaintiff has failed to credibly explain why this information has relevance in this case, which deals with Plaintiff's termination from AMHGI. Also, the Court notes that the claims against the individual Defendants have been dismissed. *See* Doc. No. 32. Therefore, the Court declines to compel a response to interrogatory 16.

### B. Document Disclosures

Plaintiff also asks the Court to compel the Defendant to produce all documents identified, directly or indirectly, in their interrogatory responses; all physical evidence related to this case; all documentation of any write-ups, warnings and violations she received; and any documents prepared during the regular course of business as result of the alleged sexual harassment Plaintiff experienced. AMHGI represents that these requests have been satisfied. *See* Doc. No. 59 at 6. Indeed, many documents that would fall into this category appear to already be part of the record, including her termination memorandum, Defendant's response to the EEOC investigation, the disciplinary memorandum, federal logs, and more. However, to the extent that Defendant has not produced relevant documents, it must do so promptly. Of course, to the extent the requests have already been fulfilled, the motion is moot.

### C. Plaintiff's Expert Witness

In her response in opposition to AMHGI's status report, Plaintiff asks the Court for permission to disclose an expert witness by August 15, 2024, well after the July 17, 2024, deadline to file an export report contemplated by the Case Management Order. *See* Doc. No. 37 at 1, 60 at 7. Defendant opposes her request. *See* Doc. No. 61. Plaintiff made this request on August 1, 2024, meaning her request was approximately two weeks late. Due to Plaintiff's *pro se* status and a preference for resolving cases with a fully developed record, the Court will permit Plaintiff to disclose her expert witness on or before August 26, 2024, and her expert's report by September 3, 2024. Further extensions will not be granted.

### D. Attorneys' Fees and Costs

In their response to the Plaintiff's motion to compel, Defendant asks the Court to award it reasonable fees and costs under Federal Rule of Civil Procedure 37(a)(5)(B). The Court need not

order such a payment "if the motion was substantially justified or other circumstances make an award of expenses unjust," or if the motion is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(B)-(C). This motion is granted in part and denied in part so the Court – in the exercise of its discretion – will not award fees or costs to either side.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Compel (Doc. No. 57) is **GRANTED in part** and **DENIED in part as described in this Order.**

**SO ORDERED.**

Signed: August 21, 2024

Kenneth D. Bell
United States District Judge